CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 29 2008

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JEROME J. WEST BEY, | ) | |
| Petitioner, | ) | Civil Action No. 7:07-cv-00567 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. C. MATHENA, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner Jerome J. West Bey, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Goode challenges his 1996 convictions in the Circuit Court for Bedford County for robbery and armed robbery. The respondent filed a motion to dismiss, arguing that the petition is untimely, and Bey responded. Upon review of the record, the court finds that the motion to dismiss must be granted.

### I.

Jerome J. West[1] pleaded guilty on September 18, 1996, in the Circuit Court for Bedford County to robbery and attempted robbery of the same victim. Pursuant to a written plea agreement, the Commonwealth nolle prossed two firearms charges in exchange for the plea. The court sentenced West on December 13, 1996, to ten years imprisonment on the Robbery charge and six years imprisonment on the attempted robbery charge, but then suspended eight years of the sixteen year total sentence; the judge imposed the eight year active sentence of imprisonment to run consecutively with a twenty-year sentence West had received for convictions in the City of Lynchburg related to the same series of criminal acts.[2] West did not appeal from the circuit court judgment.

---

[1] Although petitioner called himself Jerome J. West Bey on the face of his federal petition, state court records indicate that he was tried and convicted under the name, Jerome J. West. Therefore, in its review of state court proceedings and its legal analysis, the court will refer to petitioner as "West."

[2] The Commonwealth's evidence was that in February 1995, among other things, West accompanied and assisted another man, Dallas Lovelace, who abducted a man, took his money, bank cards and checkbook, drove around in his car and forced him to withdraw money from ATM facilities in different locations, and after the victim escaped, burned his car.

1

On or about March 5, 2007, West filed a petition for a writ of habeas corpus in the Circuit Court for Bedford County, alleging the following grounds for relief: (A) petitioner has a right to file a delayed appeal of the Bedford judgment; (B) counsel failed to perfect an appeal; (C) counsel failed to seek reversal of a conviction that violated double jeopardy; (D) counsel failed to attack jurisdiction; and (D) petitioner is actually innocent. The circuit dismissed the petition on April 26, 2007, holding that the petition was time-barred under Virginia Code Ann. § 8.01-654(B)(2). The court noted that West had one year from the July 1, 1998, effective date of this limitation period in which to file a timely habeas petition, but his petition was received more than seven years too late. The Supreme Court of Virginia denied his appeal on October 15, 2007.

West signed and dated his federal habeas petition on November 14, 2007. In his § 2254 petition, he alleges claims similar to the ones he raised in his state petition: (1) counsel failed to challenge the circuit court's lack of jurisdiction or raise double jeopardy objections, allowing petitioner to be convicted for robbery and attempted robbery of the same victim; (2) counsel failed to perfect petitioner's appeal, abandoned petitioner without properly withdrawing from the case, had conflicts of interest, and committed various ethical violations during the representation; (3) petitioner was pressured into pleading guilty; and (4) petitioner was factually innocent because he was forced at gun point to commit the acts for which he was charged.

## II.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court," pursuant to § 2254, which begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

West's petition is clearly untimely under § 2244(d)(1)(A). A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). West's conviction entered on December 13, 1996, and became final on January 13, 1997, upon expiration of his thirty-day period in which to note an appeal. He had one year from that date, or until January 13, 1998, in which to file a timely § 2254 petition. Clearly, his November 2007 submission to this court was not filed within one year of the date on which his conviction became final, and thus, his petition is untimely under Subsection A.

West does not allege circumstances invoking calculation of his limitation period under Subsections B, C, or D of Section §2244(d)(1). Specifically, he does not allege any facts indicating that the state created an impediment to his ability to file a federal habeas petition, that any of his claims rely upon a constitutional right newly recognized by the United States Supreme Court, or that he has discovered new facts on which his claims are based.

The running of the statutory period is tolled while properly filed state court post conviction proceedings are pending. §2244(d)(2). This provision does not help West, however. He did not file his state habeas petition until March 5, 2007, more than ten years after his conviction became final on January 13, 1997. Thus, the pendency of this petition could not toll the federal limitations period, as it had long since expired on January 13, 1998. Moreover, because the state courts dismissed West's habeas petition there as untimely under state law, that petition does not qualify as a properly filed post-conviction proceeding so as to toll the federal limitation period. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). For these reasons, West's federal petition is clearly untimely under § 2244(d).

3

Finally, West fails to offer any ground upon which equitable tolling of the statutory period is warranted in his case. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

West asks the court to consider his petition because his attorney abandoned him, because West himself has only a seventh-grade education and no legal expertise, and because he is actually innocent and wrongfully convicted. His attorney's failure to file a notice of appeal from the criminal conviction did not prevent West from filing a timely federal habeas petition. Moreover, there is no constitutional right to the effective assistance of an attorney in post-conviction proceedings, and lack of understanding of the legal process and lack of representation during the applicable filing period do not toll the period. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999). His lack of education no doubt makes it difficult to research legal issues and prepare pleadings, but his submissions in this case demonstrate that his educational shortfalls were not severe enough to prevent him from filing sooner. Likewise, the nature of his claims had no effect on his ability to file his federal petition earlier. In short, West offers no explanation whatsoever for his lack of due diligence in seeking to vindicate his rights related to his 1996 convictions. Accordingly, the court concludes that his federal habeas petition is untimely filed under § 2244(d) and will grant the motion to dismiss. An appropriate order shall be entered this day.

4

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _29th_ day of _February_ , 2008.

_James C. Tur_

Senior United States District Judge

5